IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHAWN RICHARD LOWRY,
      Petitioner,

v.                                    Case No. 3:12cv525/LC/CJK

MICHAEL D. CREWS[1],
      Respondent.

## ORDER and
## REPORT AND RECOMMENDATION

This habeas case filed under 28 U.S.C. § 2254, is before the Court upon petitioner's "Motion to Withdraw Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254" (doc. 11), which the Court construes as a motion for voluntary dismissal. Petitioner asserts that he has not exhausted the remedies available to him in the state courts, and requests that his § 2254 petition be dismissed without prejudice to allow him to do so. (*Id*.).

Rule 41 of the Federal Rules of Civil Procedure provides that an action may be dismissed without a court order by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment". Fed. R. Civ. P.

---

[1]Michael D. Crews succeeded Kenneth S. Tucker as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d).

41(a)(1)(A)(I). Rule 41 applies to federal habeas corpus proceedings. *See* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts; *Clark v. Tansey*, 13 F.3d 1407, 1413 (10th Cir. 1993); *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988); *Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M. D. Ala.1999). Respondent has not filed an answer or motion for summary judgment. Respondent's deadline for responding to the petition is April 5, 2013. (Doc. 10). Petitioner is automatically entitled to take a voluntary dismissal at this time.

Petitioner is advised that although this dismissal is without prejudice to his filing a § 2254 petition once all of his claims are exhausted, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred. Petitioner is reminded that 28 U.S.C. § 2244(d) establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from the date upon which the conviction became final. *See* § 2244(d)(1). The time during which a "properly filed" application for state postconviction or other collateral review is pending is not counted toward the limitations period. *See* § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). The pendency of a federal habeas proceeding does not toll the one-year limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)).

Accordingly, it is ORDERED:

1. The Clerk shall change the docket to reflect that Michael D. Crews has been substituted as respondent in this cause.

2. Respondent's deadline for responding to petitioner's § 2254 petition is TERMINATED.

And it is respectfully RECOMMENDED:

1. That petitioner's "Motion to Withdraw Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254" (doc. 11), construed as a motion for voluntary dismissal, be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1) be DISMISSED WITHOUT PREJUDICE except as to application of the federal statute of limitations or other procedural bar.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 12th day of February, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).